## A. FRANKENTHAL & BRO. V. LINGO, WAPLES & CO. ET AL.

### Delivered April 24, 1897.

**Contribution Among Tort-Feasors—Wrongful Levy of Attachments.**

Where three creditors bring separate suits against the same defendant for separate debts, and severally sue out writs of attachment, which are levied at the same time upon the same stock of goods, but in successive order, as writs numbers one, two, and three, and the defendant reconvenes for damages for wrongful levy in the suit brought by creditor number one, and recovers judgment against him for about the value of the stock of goods, the mere fact that the plaintiff creditors all had the same agent and attorney in bringing the suits and levying the writs is not sufficient to render the latter two liable to the first one for a proportionate part of the amount so recovered against him by the defendant debtor.

APPEAL from Grayson.   Trial below before Hon. DON A. BLISS.

*Dudley & Moore,* for appellants.—When several parties acting through the same attorney or agent in attempting to collect honest debts cause writs of attachment to be simultaneously levied upon the personal property of another, each of the attaching creditors may be held liable to the party whose property is levied upon for all the damages caused by the wrongful levy of the attachment, and in such case the attaching creditor who has been compelled to pay the damages and expenses may maintain an action against the other attaching creditors for contribution, although there was no agreement between such attaching creditors to contribute; and such attaching creditors are not "wrongdoers" within the meaning of the term, so as to prohibit contribution.   Railway v. Railway, 83 Texas, 509; Vandiver v. Pollak, 19 L. R. A., 628; Farwell v. Becker, 129 Ill., 261; 4 Am. and Eng. Encyc. of Law, p. 12, title, "Contribution."

*Moseley & Smith* and *Potter & Potter,* for appellees.—The petition set up no cause of action.   The question is not whether the debts sought to be collected from Scott Cooke were honest, but were the attachments wrongful?   One attachment may be good and another bad.   Plaintiffs' and defendants' attachments were not on the same ground, nor did they stand on the same facts, hence a judgment for damages against plaintiffs, in a suit to which defendants were not parties, does not show a cause of action against them for contribution to pay the judgment.   2 Black on Judg., secs. 801, 779, 80; Brandt on Suretyship, sec. 635; Glasscock v. Hamilton, 62 Texas, 162; Torry v. Schneider, 74 Texas, 121;

Blum v. Davis, 56 Texas, 423; Thomas v. Chatman, 62 Texas, 196; Jacob v. Pollard, 57 Am. Dec., 105.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellants, and their petition, omitting the formal portions, is substantially as follows:

"That on December 12, 1889, plaintiffs in their firm name of A. Frankenthal & Bro., and the defendants in their respective firm names, to wit, Lingo, Waples & Co. and Lewin Bros. & Co., each commenced a suit at law for debt in the United States Court in the Indian Territory for the first judicial division, held at Muskogee, in the Creek Nation, against one W. Scott Cooke, who resides at Fred, in said Indian Territory.

"That plaintiffs' demand for which they sued Cooke was for about $677; that the defendants Lewin Bros. & Co.'s demand was for about $871; and the defendants Lingo, Waples & Co.'s demand was for about $1100; that on or about December 12, 1889, the plaintiffs and each of said defendants sued out, and had issued in their respective suits against said Cooke, writs of attachment against the defendant for the amount of their respective debts and costs; that under the instructions and directions of an attorney at law, one W. T. Hutchings, who represented the plaintiffs in each of said suits against Cooke, and who was the agent of all of said plaintiffs, said writs of attachment were levied on Cooke's storehouse and stock of goods therein situated at Fred, I. T., plaintiffs' said writs of attachment being levied on said property first as writ number 1; that of Lewin Bros. & Co. being levied second as writ number 2, and that of Lingo, Waples & Co. third, as writ number 3. That said writs were sued out and levied in good faith for the purpose of collecting honest debts, and with no intention of committing any wrong. That the property was of value largely more than sufficient to satisfy the demands of the plaintiffs A. Frankenthal & Bro., to wit, about $6000, and the levies were made successively on the same property at the instance and for the benefit of all said plaintiffs in said writs of attachment. That in the said suit of plaintiffs A. Frankenthal & Bro. against said Cooke, the defendant reconvened for damages against plaintiffs for the full value of the property on which the plaintiffs' writs of attachment and defendants' writs of attachment were levied successively. That on June 6, 1890, at a regular term of said United States court, the said cause of A. Frankenthal & Bro., plaintiffs, against W. Scott Cooke came on for trial, and the jury returned into court the following verdict: "We the jury find the issue in favor of the defendant, and assess his damages at $———, with interest, $5854.63; attorney's fee, $150."

"That afterward judgment was rendered upon said verdict in favor of said Cooke and against plaintiffs A. Frankenthal & Bro. for said sum, less the amount of plaintiffs' demand against Cooke of $705.93; said judgment as rendered being for the sum of $5148.71, and $150 attorney's fees, together with all costs of suit. That plaintiffs' motion for a new trial was overruled, and defendant Cooke entered a remittitur on said

judgment of $2359.72, and plaintiffs prosecuted a writ of error from said judgment to the Supreme Court of the United States, and on the — day of ————, 1895, said judgment was by said Supreme Court in all things affirmed. That on August 2, 1895, plaintiffs paid off said judgment and costs by paying to the clerk of court the sum of $3836.89, and in addition paid the marshal's expenses in levying the said three writs of attachment and invoicing the goods, $89.05; also the costs and fees in the Supreme Court of the United States, $150, the expenses of plaintiffs' bookkeeper, two trips to Muscogee attending to said case, $110, for attorney's fees, $500; and the amount of plaintiffs' debt against Cooke of $705.93 was also credited on said judgment. The plaintiffs have been compelled to pay in the defense of said reconvention suit or suit for damages for the levy of said three writs of attachment, and in the discharge of the judgment rendered therein against plaintiffs, the sum of $5391.92. That on August 2, 1895, plaintiffs paid off said judgment, and the defendants then and there became liable to plaintiffs to contribute their pro rata of said amount. That the amount of defendants' contribution, and which they justly owe and should pay to plaintiffs, as their part of the expenses and liabilities incurred on account and by reason of the levy of said writs of attachment, is $3950, and as between themselves, the defendants Lingo, Waples & Co. should contribute the sum of $2300, and the defendants Lewin Bros. & Co. should contribute the sum of $1650.

"Wherefore, plaintiffs sue and pray for citation to the defendants, and on final hearing pray for judgment against said defendants for the said sum of $3950, to be apportioned between the defendants according to the amount they are liable to contribute to plaintiffs; and plaintiffs pray for all costs and general relief."

To this petition appellees interposed general and special demurrers. The demurrers were sustained, and the plaintiffs having declined to amend, judgment final was rendered for defendants, from which plaintiffs appeal.

The question presented is, whether under the allegations of the petition the plaintiffs showed themselves entitled to contribution from the defendants for the damages, costs, and attorney's fees recovered against plaintiffs by W. Scott Cooke.

The doctrine of contribution rests upon an equitable principle, and in order to come within it, a case must be shown where it would be inequitable and unjust for the defendants to refuse to pay their part. The attachments against Cooke were separately sued out, and the only circumstance tending to show a preconcerted or joint act was the allegation that the plaintiffs were each represented by the same attorney, who was their agent, and who directed the levy of the different writs. Such levies were successively made, and were numbered from one to three, respectively. Cooke reconvened for damages in the case of appellants A. Frankenthal & Bro., and recovered against them; but did not recover the full value of the stock of goods levied upon under the writs of attachment.

We think the demurrers to the petition were properly sustained. In the first place, we do not think the allegations are sufficient to show that the plaintiffs in attachment were joint wrongdoers or acting together in such a manner as would in any event render one of them liable for the acts of the others. They might have had the same attorney and the same agent, but their writs were separate and distinct, and it does not appear that there was any preconcerted action among them. From appellants' pleading it appears that they held a debt for $677 against W. Scott Cooke, upon which they sued out a writ of attachment and caused it to be levied upon a stock of goods worth $6000. What became of these goods the petition does not disclose; but it does appear that upon a plea in reconvention, Cooke recovered a verdict against them for $5854.63, and $150 attorney's fees, for which the court rendered judgment (less $705.93, the amount of plaintiffs' debt and interest), and that Cooke subsequently entered a remittitur for $2359.72, and judgment final was rendered for the balance. What was embraced in the remittitur does not appear. There is nothing in the pleading indicating that the appellees, or either of them, recovered on their debts or received in any manner any of the proceeds of the goods for which judgment was rendered against appellants; nor is there any fact or circumstance alleged from which a court of equity would feel called upon to require contribution, or from which justice would demand that the appellees should share the misfortunes of the appellants. Suppose that, instead of meeting disaster, the appellants should have met success, and for their small debt had bought in the entire $6000 stock on their prior attachment lien, could the appellees on their part have claimed a division? We think this will not be claimed. Then, if the parties did not act jointly so as to give appellees some interest in a successful attachment, it would be a bad rule that would hold them responsible for appellants' acts when unsuccessful.

We have carefully examined the authorities cited by appellants, and such others as are at our command.

The case of Railway v. Railway, 83 Texas, 509, which they present, simply announces the general doctrine that two parties, in contemplation of law, may both be liable to the party seeking redress for a wrong, yet as between themselves one may be without blame and may make the other respond. If both are to blame, the right to indemnity does not seem to be recognized.

The strongest authority presented by appellants is the case of Farwell v. Becker, 129 Illinois, 261. In that case there were several attachments levied on the same property and damages recovered by the defendant against one of them, who sought contribution against the others. The court fully considered the question of contribution among wrongdoers when they acted together in good faith under an honest belief that the common debtor had fraudulently conveyed his property. The grounds upon which the court allowed contribution can be better stated in the language of the opinion: "As to the equities of the case, they are with the complainants. The defendant, as well as complainants, sued

out attachments, which were levied on the goods. He assisted in defending the actions brought by the claimant of the goods. His debt was fully paid from money arising out of a sale.of the goods under the attachment, and as the complainants have been compelled to refund the value of the goods, equity and fair dealing unite in requiring the defendant to contribute his just proportion of the burden which has been cast upon the complainants on account of the seizure and sale of the goods."

No such grounds of equity are alleged in this case. It is not shown that appellees assisted in defending the suit for damages against appellants or had anything whatever to do with it. It is not shown that their debts were paid out of the proceeds of the goods for which judgment was rendered against appellants, or that they have ever received a dollar from such proceeds, or that they have been connected directly or remotely with appellants' case. The fact that the attaching creditors had the same attorney would certainly furnish no basis in equity for contribution.

The general rule that there can be no contribution among wrongdoers has exceptions, as well established as the rule itself. We do not feel called upon to discuss them, further than to say that this case does not present any equitable ground for contribution. Railway v. Railway, 83 Texas, 515; Beach on Modern Eq. Jur., sec. 836; 2 Suth. on Dam., secs. 755, 764; Cooley on Torts, 2 ed., 170, 171.

We find no error in the judgment, and it is affirmed.

*Affirmed.*