## Hart's Admr v. Louisville Railway Co.

(Decided February 14, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Bill of Exceptions—Dismissal of Action.—Where an action was dismissed and there is no bill of exceptions showing why it was dismissed, the action of the trial court will be presumed to have been correct.

EDWARDS, OGDEN & PEAK for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Edward Hart was killed by the alleged negligence of the city of Louisville and appellee; an action was instituted for the recovery of damages and a jury was impaneled to try the case. After appellant's counsel made a statement of the case, the court entered the following order:

"At the conclusion of the plaintiff's opening statement to the jury the defendant Louisville Railway Co. moved the court to dismiss the petition herein as to it to which the plaintiff objected.

"The court being advised, ordered said motion be and is sustained to which plaintiff excepts."

There was no bill of exceptions tendered or filed and we, therefore, have no means of knowing what was contained in the statement of counsel for appellant, or of ascertaining in any particular the reason for the court's action. It appears that appellee filed an answer to the petition of appellant by the first paragraph of which it controverted the allegations of the petition; that by the second it pleaded contributory negligence on the part of Edward Hart, and that by the third it set forth a settle-

ment in which it claimed it paid $1,000.00 to Patrick Hart, the father and only heir of Edward Hart, in full satisfaction of the claim, and pleaded it in bar of appellant's right to recover. It was also alleged in this last paragraph that Christ Schneider was illegally appointed administrator; that he had no right to act as such; that his appointment was made by the county court before two terms had convened after the death of Edward Hart, and that the appointment was not made at the request of Patrick Hart who had not waived his right to be appointed the administrator. Appellee filed a demurrer to this paragraph and the court rendered a written opinion in passing upon it, which is filed in the record, in which he decided that the settlement was not a bar to this action; that the administrator alone had the right to bring such actions and settle the damages, but overruled the demurrer because of the later allegations contained therein with reference to the illegal appointment of appellant as administrator. This opinion was delivered by a judge other than the one who presided at the trial and made the order which we have copied herein. The record does not show whether the presiding judge at the trial differed from the former judge and decided that the settlement with Patrick Hart was a bar to the prosecution of this action or not. There is nothing in the record with reference to this matter, or with reference to what the statement of counsel for appellant was upon which the court acted in dismissing the action. If that order had shown that the court dismissed the action because it considered the settlement with Patrick Hart a bar to this proceeding, then the question argued by counsel on this appeal would have been properly presented, but from the record as it is, we can not say that, only by implication. There should have been a bill of exceptions as required by the Code, informing us why the court dismissed the action, and in the absence of this, we must presume the action of the lower court was correct.

For these reasons, the judgment of the lower court is affirmed.

Whole court sitting.