# City of Louisville v. Louisville Railway Company.

(Decided November 26, 1913).

## Appeal from Jefferson Circuit Court
## (Common Pleas Branch No. 1).

1. Negligence—Torts—Proximate Cause—Contribution.—One whose negligent act, concurring with a separate and distinct negligent act of another, was the proximate cause of an injury, who has been held liable in damages, can not recover by way of contribution from the other tort feasor.

2. Torts—Wrong Doer—Contribution.—Where two tortious acts, separate and distinct from each, were committed by two independent agencies, but concurred in bringing about the injury, which would not have occurred but for the commission of either of them, one of the wrong-doers who has been mulcted in damages cannot recover from the other in contribution.

3. Torts—Wrong-doer—Indemnity.—This is not among the exceptional cases where one not an active participant in a wrongful act, has been held liable because of his relation to the wrong-doer or because of his connection in some remote way with the act done, and is therefore permitted to be indemnified against the active wrong-doer. Here both parties actively contributed by their wrongful acts to the injury, which would not have been inflicted if either of their separate negligent acts had not been committed.

4. Torts—Wrong-doer.—It is not the rights of the two wrong-doers themselves that the courts consider in such cases. They base their action in refusing relief upon the ground of the public interest and considerations of public policy.

5. Torts—Wrong-doer—When Aid of Courts Cannot be Invoked.—The machinery of the courts will not be put in motion to relieve one wrong-doer from the consequences of his wrongful act against another wrong-doer, equally guilty. The aid of the courts can not be invoked for redress when it is necessary for the plaintiff to state in his complaint that he and another by reason of a breach of public duty upon the part of each of them have caused death to another citizen, even though their several breaches were separate and distinct acts, and neither participated in the act of the other.

LEON P. LEWIS, PENDLETON BECKLEY for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In August, 1906, Edward Hart was killed in a collision between a wagon which he was driving on the streets in Louisville and a street car belonging to appellee.

His administrator instituted this action claiming damages against the city and the street railway company jointly. At the beginning of the trial the lower court dismissed the plaintiff's action as to the railway company, and proceeded with it as against the city. A judgment was rendered for $4,000 against the city.

From the action of the court dismissing as to the railway company Hart's administrator appealed to this court, and the judgment was affirmed upon the ground that there was nothing in the record to show upon what the action of the lower court in dismissing was based. Hart's Admr. v. Louisville Railway Co., 142 Ky., 263.

From the judgment against it for $4,000 the city appealed to this court, and that judgment was affirmed. City of Louisville v. Hart's Admr., 143 Ky., 171.

Thereafter the city paid in full this judgment, together with all costs, attorneys' fees, and damages amounting to something over $5,000, and has instituted this action against the railway company, asking judgment in contribution for one-half of the amount so paid by it.

The allegation of the petition is:

"That said accident occurred as the result of the joint concurring negligence of this plaintiff and the defendant herein; that the negligence of this plaintiff consisted in permitting its street at the point mentioned to be in a dangerous and defective condition; that the negligence of the defendant consisted in operating the car which collided with said wagon in a negligent manner and at a rapid, reckless and negligent rate of speed, and in failing to give notice of the approach of said car."

Upon the appeal of the city in the case above referred to it was insisted for the city that its failure to keep its street in repair was not the proximate cause of the injury to Hart, and, therefore, it was not liable; to that contention the court responded as follows:

"To again restate briefly, we have this state of facts: Hart on account of defects in the street that rendered it unsafe for travel was thrown from his wagon and fell on the street car track immediately in front of an approaching car that was running at a dangerous and negligent rate of speed, and was run over and killed by the car. Now, we may assume that if the street had been reasonably safe he would not have been thrown from his wagon, and of course would not have been killed. We may further assume that if the street car had been oper-

ated with ordinary care, that it could have been stopped before striking him, and so although the defective condition of the street caused him to fall on the track, he would yet have escaped injury except for the negligence in the operation of the car. We have then two approximately concurring acts of negligence by two independent agencies that brought about his death. Neither act of negligence in itself, without the co-operation of the other, would have harmed him. On the other hand, however fast the car was going, unless he had been thrown in front of it, he would not have been killed. On the other hand, although thrown on the car track by the bad street, he would have escaped death if it had been prudently operated. The question now is, which of these acts of negligence was the proximate cause of his death. We think that both of them may be so treated. Two agencies acting entirely independent of the other as in this case may jointly and concurrently be the proximate cause of an injury, when it would not have happened except for the concurrence at approximately the same time and place of the two negligent acts.''

So we have a plaintiff, confessedly negligent, and whose negligence has been adjudged to be, concurrently with that of another, the proximate cause of an injury, demanding contribution from such other whose concurrent negligent act was separate and distinct from the negligent act of the plaintiff.

The lower court dismissed the plaintiff's petition, and it has appealed.

It is urged for appellant that the general rule that there can be no contribution between wrongdoers has no application to the facts of this case; that inasmuch as neither of the parties stood in the attitude of an intentional wrongdoer and neither's negligent act was tainted with any moral wrong, that contribution should be allowed.

It may be admitted that there are many exceptions to the general rule, but looking to the reason of that rule and to the broad and wise policy upon which it is based, we have concluded that this case is no exception.

Cooley on Torts, Vol. 1 (Third Edition), in discussing contribution and indemnity between wrongdoers, goes at length into the reasons of the general rule, and at page 260, says:

"It may be thought that the maxim that the law will not relieve a party from the consequences of his own

wrongdoing partakes more of severity to the particular person singled out by the plaintiff for pursuit, than it does of general justice. It may be right to punish him, but is it right to exempt from punishment others equally guilty? If strict justice, as between individuals were all that was aimed at, we should be compelled to answer this question in the negative; and we must, therefore, look further for the reason of the rule.

It has already been intimated that the rule, as we have given it, is one of very general application, and not by any means confined to cases of joint torts. Whoever, by his pleadings in any court of justice, avows that he has been engaged with others in an unlawful action, or has concerted with them an unlawful enterprise, and that in arranging for or carrying it out he has been unfairly treated by his associates, or has suffered an injustice which they should redress, will be met by the refusal of the court to look any further than his complaint, which it will at once order dismissed. The following reasons may be assigned for this action:

"1. The discouragement of all illegal transactions by distinctly apprising every person who engages in them that the risk he incurs is not merely of being compelled to share with the others the loss that may follow, for this, in many cases would be insignificant, and in all cases would be small in proportion to the size and formidable character of the combination. He is, therefore, given to understand that whoever takes part in an illegal transaction must do so under a responsibility only measured by the whole extent of the injury or loss; an understanding very well calculated to make men to hesitate who, under a different rule, would be disposed to give full scope to evil inclinations. But 2. The State, from a consideration of its own pecuniary interests, and of the interests of other litigants, may wisely refuse to assist in adjusting equities between persons who have been engaged in unlawful action. The expense of administering justice is always a large item in the State's expenditures, and one which must be borne by the common contributions of the people. Where one has suffered from participation in an unlawful undertaking, what justice can there be in any demand on his part that the State shall supply courts and officers and incur expense to indemnify him against a loss he has encountered through a disregard of its laws? Here the question is not merely one of what is right, as between himself and

his associates, but what is best for the interest of the State.  When that question is up for consideration, the fact is not to be overlooked that there are unavoidable difficulties and necessary evils connected with litigation which multiply rapidly as the cases increase in number. Courts and juries, at the best, are but imperfect instruments for the accomplishment of justice; and the greater the volume of litigation, the less is the attention which any particular case is likely to receive, and the greater the probability that right may be overcome by artifice, or by a false and deceptive exposition of the facts. Trusty justice must follow after wrong with deliberate and measured tread; and every honest litigant in seeking it must be more or less impeded, when those who have no just claim on the consideration of the court are allowed to push their complaints before it."

There are, however, many exceptions to the general rule that there can be no indemnity or contribution between tort feasors, but these exceptions, so far as we have been able to find, are permitted in two classes of cases; (1) when a municipality is permitted to recover indemnity from one whose active and original wrongful act created an obstruction in its streets for which it had been held answerable in damages, and (2) where a master or some one sustaining a similar relation has been permitted to recover against his servant who had committed a wrongful act for which the master had been held liable, but in which wrongful act he had not actively participated.

The distinction between those two classes and the general rule has been clearly pointed out in the Supreme Court case of Union Stock Yards Co. v. C., B. & Q. Railroad Co., 196 U. S., 217.  That was a case in which the Stock Yards Company had been sued by its employe and had been required to answer in damages because of its failure to properly inspect a car delivered to it by the railroad company, and the railroad company had been equally derelict in having the car inspected before its delivery.  The Stock Yards Company undertook to recover indemnity against the railroad company, and the Supreme Court summed up the case as follows, to-wit:

The case then stands in this wise: The railroad company and the terminal company have been guilty of a like neglect of duty in failing to properly inspect the car before putting it in use by those who might be injured thereby.  We do not perceive that, because the duty of

inspection was first required from the railroad company, the case is thereby brought within the class which holds the one primarily responsible, as the real cause of the injury, liable to another less culpable, who may have been held to respond for damages for the injury inflicted. It is not like the case of the one who creates a nuisance in the public streets; or who furnishes a defective dock; or the case of the gas company, where it created the condition of unsafety by its own wrongful act; or the case of the defective boiler, which blew out because it would not stand the pressure warranted by the manufacturer. In all these cases the wrongful act of the one held finally liable created the unsafe or dangerous condition from which the injury resulted. The principal and moving cause, resulting in the injury sustained, was the act of the first wrong-doer, and the other has been held liable to third persons for failing to discover or correct the defect caused by the positive act of the other.

In the present case the negligence of the parties has been of the same character. Both the railroad company and the terminal company failed by proper inspection to discover the defective brake. The terminal company, because of its fault, has been held liable to one sustaining an injury thereby. We do not think the case comes within that exceptional class which permits one wrong-doer who has been mulcted in damages to recover indemnity or contribution from another."

The case of Cincinnati, &c. R. R. Co. v. L. & N. Railroad Co., 97 Ky., 128, was where two railroad tracks crossed at a junction, and when the passenger cars of the appellant were crossing this junction point, the engine and train of the other company on its road ran into it sidewise, whereby the passengers on the plaintiff's train were injured, and by reason of which injury it was compelled to pay, and did pay, them large sums of money, and it sought indemnity against the other company by reason of such expenditures. A demurrer was sustained to the petition in the lower court, and this court in affirming that judgment said:

"Where both parties are negligent, and one to a less extent than the other, there might be cases in which the greater offender may be held liable by the lesser offender for damages incurred by the joint act. As to personal injuries, where each wrong-doer is the active participant in the commission of the injury, but one to a less degree or extent than the other, we have been cited to no case

where contribution can be had. The cases cited as well as the text books establish the rule that where two or more persons unite and are guilty of a tort resulting in injury to another, the injury or damage resulting from their joint or concurrent acts, if one is made liable.he can have no claim for indemnity against the other; and on the other hand where one commits the tortious act, and another by reason of his relation to the party committing it is required to account in damages to the party injured, he may recover.     *     *     *

"The class of cases in which wrong-doers are held as not being in *pari delicto* are where the one asking for indemnity was not an actual participant in the wrong, but by reason of the negligent act of some one acting under his authority the liability arises."

The case of Tacoma v. Bonnell, 36 L. R. A. (N. S.), 582, was where a city owning and operating an electric plant was guilty of negligence in maintaining its wires in a dangerous condition; but another party had by placing a plank or board across from one set of wires to another conducted the current from the high-power wires to the low-power wires, and thereby caused an injury for which the city had been held liable in damages. The city then instituted this action for indemnity against the man who had so placed the plank as to make this connection. The court in denying the right to indemnity said:

"The answer in this case shows that the city was guilty of negligence in maintaining its primary and secondary wires in a dangerous condition, when they might readily have made them safe so that injury would not result if the wires should come in contact. If the city had not been negligent in this respect, the accident could not have occurred, even though the defendant in this action was negligent in causing the wires to come in contact. The concurring negligence of both parties, therefore, caused the injury. Under the authorities above cited, the parties were in *pari delicto*, and neither may recover against the other."

The case of Central, &c. Ry. Co. v. The Macon Ry. & Light Company, 9 Ga., Appeals 628, was where an employe of the railway company was killed through an electric shock while in the employ of that company, because the electric current had been communicated by a sagging wire to a steel cable used by the railway company in connection with its coal chute. His widow recovered against the railway company, and that company sought

indemnity from the light company.  The court in denying the right of the railway company to indemnify, said:

"The judgment in the former case was, as against the plaintiff in the present case, a conclusive finding of one or more of the following facts; that it allowed the wires to be installed in a negligent manner in the first instance; that it was neglectful in allowing them to remain where they were, after the insulation had worn away; that it was neglectful as to inspection; that one or more of these things was the proximate cause of the homicide.  The railway company does not sue the light company in the present case for the breach of any contract on its part to install the wires in a proper manner, or to maintain them or to inspect them, but sues because that company was guilty of substantially the same tortious delinquency as it itself had committed."

In this case we have an allegation by the plaintiff itself, that it was guilty of a negligent act for which it has been held liable in damages, and it seeks to partially relieve itself of the consequence of its own act by alleging that another, at the same time was equally negligent, and that their concurrent negligence brought about the accident.  We have an adjudication by this court that both of these negligent acts brought about the death of Hart, and that but for either one of them, at the time and place of the accident, he would not have been killed, and that both acts, concurring as they did, were the proximate cause of his death.

It is an anomalous, if not unprecedented thing, for a litigant, who is a confessed wrong-doer, to come into court and set up the fact that its own wrongful act, concurring with that of another, has destroyed human life, and ask the courts to adjust the equities between it and the other wrong-doer.  If the courts could be expected to ignore the interests of the public entirely, and to overlook all considerations of public policy, and consider only the doing of justice between these two wrong-doers, there might be much merit in the appellant's contention.

But eliminating the purely individual relations between the parties, and viewing the question entirely from a public standpoint, we have a plaintiff in court, who has confessedly violated a duty which it owes to the public, asking that same public, through its courts, to compel another to share with it the loss it has sustained on account of such violation, because the other was equally remiss in its duty to the public in an entirely

different way, when their separate violations of public duty concurred to bring about the injury for which it has been held liable.

Stated in a different way, it is demanding that—at the time its unknown co-actor—in the commission of this offense against the public shall be made to share its loss.

The negligent act of each was the violation of a duty it owed to the public; operating concurrently the two negligent acts brought about the result; they were each equally remiss in the performance of their duties to the public.

That being true, when either appeals to the public, through its courts, for redress against the other, it will be denied, and they will be left where they are found.

The machinery of the courts will not be put in motion to relieve one wrong-doer from the consequences of his wrongful act against another wrong-doer, equally guilty.

No citizen has a right to invoke the aid of the courts for redress when it is necessary for him in stating his complaint to say that he and another by reason of a breach of public duty upon the part of each of them have caused injury or death to another citizen; and it matters not that their several breaches were separate and distinct from each other, and that neither participated in or was connected with the breach of the other, if the two breaches concurred to bring about the result.

The right of contribution between tort-feasors, when allowed at all, grows out of equity, although enforced at law.

What chancellor would listen with favor to the claim of a plaintiff for contribution or indemnity who admits in his pleading that but for his failure to perform a public duty the injury for which he has been held liable would not have occurred? Would he not promptly say to him "the courts are not here for the purpose of settling claims as between confessed wrong-doers; settle it among yourselves."

Judgment affirmed.