JOHN F. PFARR et al., Appellants, v. STANDARD OIL COMPANY, Appellee.

**APPEAL AND ERROR:** Subsequent Appeals—Law of Case. Rules
1 of law, whether right or wrong, announced on appeal, are conclusive on all subsequent appeals in the same case.

**JUDGMENT:** Presumption—As Affecting Strangers to Action. A
2 stranger to an action is not bound by any finding made in such action by either court or jury.

PRINCIPLE APPLIED: An oil company sold a barrel of kerosene oil to a retail dealer, who, within five or six days, opened it. Twenty-four days after the purchase, the dealer sold a portion of the oil to a customer. An explosion resulted from an attempt by the customer to light a fire with the oil, and members of his family were killed. The customer brought action for damages

against the dealer, basing his action solely on the *dealer's* negligence. The dealer notified the oil company to appear and defend. The oil company refused. The action went to trial. It was established that the kerosene so sold by the dealer to the customer contained 21 per cent of gasoline. Judgment was rendered against the dealer. The dealer then brought action against the oil company to recoup his damages. *Held*, the oil company was under no obligation to defend in the action of the customer against the dealer, because of the *nature of the issues* therein, and was therefore a stranger to the action, and that the judgment in said action did not raise a presumption that the oil contained 21 per cent of gasoline *when the oil company sold it to the dealer.*

**TRIAL:** Instructions—Form, Requisites and Sufficiency—''Presumption of Fact''—Propriety of Instruction. Whether an instruction on a ''presumption *of fact*'' or ''legal inference'' would be subject to the vice of singling out facts in the case and arguing on the weight thereof, *quaere.*

**EVIDENCE:** Presumptions—Continuance of a Condition. A condition once shown to exist is, as a general rule, presumed to continue until the contrary is shown. So held in a case involving the condition of kerosene at the time of sale.

**EVIDENCE:** Burden of Proof—Action for Indemnity. Where recovery was had against a retail dealer in oil because of his negligence in selling dangerously inflammable oil to a customer, to the customer's damage, held, in an action by the dealer against the wholesaler to recoup the dealer's damage, that the burden of proof was on the dealer to show that said oil was in a dangerous condition *when the wholesaler sold it to the dealer.*

**APPEAL AND ERROR:** Harmless Error—Immaterial Evidence. In an action against a wholesale dealer in oil, based on the allegation that the defendant had negligently sold to plaintiff kerosene containing a large quantity of gasoline, held harmless error to permit the defendant, through its cashier, to testify that his office never shipped any oil ''until the state inspector had said he had inspected it.''

**APPEAL AND ERROR:** Review—Questions of Fact—Conflict. Conflicts in testimony and in the inferences to be drawn therefrom are questions necessarily for the jury. The appellate court will not interfere simply because it might have found differently than the jury found.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

WEDNESDAY, APRIL 5, 1916. .

REHEARING DENIED WEDNESDAY, JUNE 28, 1916.

ACTION to recover damages, due to an explosion of oil claimed to have been sold by defendant to plaintiffs, which plaintiffs resold to another, in whose hands the oil exploded. On issue joined, the case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiffs appeal.— *Affirmed.*

*Sims & Kuehnle,* for appellants.

*Carr, Carr & Evans* and *Clinton L. Nourse,* for appellee.

DEEMER, J.—The case was before us on a former appeal from a judgment against defendant. See 165 Iowa 657. On that appeal, we endeavored to announce the governing rules of law, and the trial court adopted, as best it could, the principles therein stated. Reference is made to that opinion, for a full statement of the facts. In short, the case is this: Plaintiffs, through an agent, purchased a barrel of kerosene oil from the defendant, at its office in Sioux City, Iowa, which was delivered May 1, 1907. After it had had the oil for some time, and had opened the barrel, it, on May 25th of the same year, sold some of the oil to a Mrs. Chapman. On the evening of the same day, Mrs. Chapman and her husband attempted to use it in starting a fire; and, as a result, an explosion occurred, killing Mrs. Chapman and three of her children, and severely injuring her husband. Action was then brought by Mr. Chapman against plaintiffs herein, in which Chapman sought to secure damages for the injuries sustained by him, and also for the loss of the services of his wife. Plaintiffs herein, defendants in that suit, gave written notice of that action to the defendant herein, and requested that it appear and defend the action. This, defendant refused to do. The case then went to trial, defendants therein, plaintiffs here, defending, and judgment was rendered therein for plaintiffs in that suit, which, on appeal to this court, was

affirmed.  See 145 Iowa 196, and 153 Iowa 20.  Plaintiffs, having paid that judgment, brought this action to recover the amount thereof, with other items, from the defendant, on the theory that defendant was bound by the former judgment, because of the notice given it of the prosecution thereof, and the request to defend it.  The action was also bottomed on the theory that defendant negligently sold it the oil which plaintiff sold to Mrs. Chapman, and that it should be held liable for the loss.

On the former appeal, we held that the judgment in the former suit brought by Chapman, because of the issues tendered therein, and the testimony on which it was tried, was not conclusive on the defendant, but that it was competent proof of the rendition of a judgment against plaintiffs, and of the amount thereof.  It was also held that defendant might be held liable for its own negligence in selling the oil, although plaintiffs herein were also negligent, and that the doctrine of no contribution between wrongdoers did not apply.  We further held that there was enough testimony in the former record to take the case to the jury, on the issue of defendant's negligence in selling the oil to plaintiffs.  The result has already been indicated.  For a reversal of the judgment, four main propositions are relied upon:

I.  First, it is insisted that the defendant is concluded by the former judgment in the *Chapman* case, and estopped to deny that the barrel of oil which was shown to contain 21 per cent. of gasoline, and the oil which was sold out of it to Mrs. Chapman, contained that percentage of gasoline when sold by it to the plaintiffs.

Second, the same point is made on the theory that the Chapman judgment was conclusive on defendant as to the character of oil sold by it to plaintiffs, or, at least, presumptive evidence that it contained the same amount of gasoline when sold by defendant to plaintiff as it did 24 days thereafter, when sold by plaintiff to Mrs. Chapman.  The incon-

1. APPEAL AND ERROR: subsequent appeals: law of case.

clusive character of the Chapman judgment upon the defendant, was pointed out on the former appeal, and the rule therein announced is the law of the case, whether right or wrong. We have again examined the matter, and have no desire to change the rule, even were it permissible to do so. So that there is no estoppel in the case, either *in pais* or by judgment.

Does the judgment create any presumption that the oil which plaintiffs sold to Mrs. Chapman, on May 25th, containing 21 per cent. of gasoline, was in the same condition when it was delivered by the defendant to plaintiffs, on May 1st preceding? As a rule, presumptions do not relate back. Of course, there are some exceptions to this rule; but, unless defendant was bound to respond to the notice, and to defend the *Chapman* case, it was a mere stranger to that proceeding, and not bound by any finding made by either the court or jury therein. Having decided that it was not bound to defend, this case starts as if there had been no other, save for the purposes hereinbefore stated. It is familiar doctrine that a stranger to a judgment is not bound thereby, or by any finding therein, and there is no middle ground. Either the Chapman judgment is conclusive, because of the notice to the defendant to appear and defend, or it is entirely unimportant, save as bearing upon the question of the amount of plaintiffs' damages. The verdict in the *Chapman* case, as pointed out on the former appeal, was based upon plaintiffs' own negligence, and might have been rendered on the theory that the oil was in perfectly good condition, when delivered by the defendant company to the plaintiffs. In other words, it was not necessary for Chapman to show that the oil, when delivered to his wife by plaintiff, was a dangerous explosive, when delivered by the defendant to the plaintiffs. There was direct and positive testimony that the oil in the barrel, when examined after the accident, something like 24 days after delivery by the Standard Oil Company to the plaintiffs, contained 21 per cent. of gasoline; but, without more, there was no legal pre-

2. JUDGMENT: presumption: as affecting strangers to action.

sumption that it was in the same condition, when delivered
by defendant to plaintiff.  There may have been a fact pre-
sumption, or inference, arising from the entire testimony re-
garding how it was kept after delivery to plaintiffs, that it
was in the same condition when delivered by defendant to
plaintiffs; but this would arise, no matter whether there had
been litigation between Chapman and plaintiffs, or not.

Since it was a presumption of fact, or legal inference, the
court was not bound to instruct thereon, unless specially
requested so to do; and, even upon such
3. TRIAL: instruc-     request, it is not at all certain that such a
tions: form,
requisites and      request should have been granted, because it
sufficiency:
"presumption       would amount to the singling out of facts
of fact:" pro-
priety of in-      in the case, and an argument upon the weight
struction.         thereof.

The defendant undertook to show that the oil was prop-
erly inspected and branded, and was in good condition when
it left its hands; and, if it did this, a counter
4. EVIDENCE: pre-     presumption would arise that it continued
sumptions:
continuance of      in that condition until sold, or at least until
a condition.
opportunity was afforded to change the con-
tents of the barrel.  In this case, under the allegations of
one count of the petition, and the law announced on the
former appeal, the burden was upon plain-
5. EVIDENCE: bur-     tiffs to show that the oil, when delivered to
den of proof:
action for in-      them by the defendant, was in a defective
demnity.
and dangerous condition.  The trial court in-
structed that the burden was upon them to so show, and in
this, there was no error.  Our conclusion here finds support
in *Standard Oil Co. v. Murray,* 119 Fed. 572; *Riggs v. Stand-
ard Oil Co.,* 130 Fed. 199; *Sigler v. Murphy,* 107 Iowa 128;
*Gibbs v. Farmers' & Merch. State Bank,* 123 Iowa 736; *Scott
v. Curtis* (N. Y.), 40 L. R. A. (N. S.) 1147.

II.  Defendant's cashier, in charge of its Sioux City
office, was permitted, over plaintiffs' objections, to state that

his office at Sioux City never shipped out any Iowa kerosene until the state inspector had said that he had inspected it. The question and answer were of doubtful propriety, but we think the answer was nonprejudicial. It tended to show the care generally exercised by the defendant at its Sioux City office, which was in charge of the witness, in regard to having the oil examined before shipment; but this, under the issues and the law as given by the court, would not have relieved the defendant from responsibility. The measure of care generally used by defendant was, of course, collaterally in issue, because of the quantities of oil handled by them, and the hazard incident to the sale thereof; and we are not prepared to say that the ruling was prejudicially erroneous.

*6. APPEAL AND ERROR: harmless error: immaterial evidence.*

III. Lastly, it is insisted that the verdict is without support in the testimony. There was some conflict in the testimony, and more in the inferences to be derived therefrom; and the case was clearly one for the jury, on the issue of defendant's negligence, or breach of statutory or common-law duty, and the parties must be content with the finding of their neighbors, who, under our system, are made the judges of fact issues. It is not enough that we would have arrived at another conclusion. If this were sufficient, we would at once usurp the functions of a jury, which, of course, is not our province. We have not cited many cases in support of our conclusions. The underlying principles were settled on the former appeal, and there is no need to burden this opinion with extended citations.

*7. APPEAL AND ERROR: review: questions of fact: conflict.*

It follows that the judgment must be, and it is,—*Affirmed.*

WEAVER, GAYNOR and PRESTON, JJ., concur.