MRS. SIDNEY S. SWEET, Administratrix, Appellant, v. J. F. ATKINSON, Appellee.

**JUDGMENT:** **Conclusiveness—Persons Primarily Liable.** One who is only secondarily liable for the results of an act of negligence must, when sued, notify the party carrying the primary liability to appear and defend, and, in the absence of such notice, the resulting record, covering the trial, judgment, and satisfaction thereof by the party secondarily liable, is wholly unimportant, in an action against the primary party for reimbursement, save as it may have bearing on the question of damages. Necessarily is this true when such offered record reveals the fact that the parties may have been *joint wrongdoers.*

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

MAY 10, 1921.

ACTION in the name of the administratrix of the estate of Sidney S. Sweet, deceased, for reimbursement for the amount which plaintiff alleges she was compelled to pay as damages to the administratrix of the estate of Walter H. McNulty, who was fatally injured by a brick cornice, falling from a two-story brick building owned by decedent, fronting on a business street in Belle Plaine, Iowa; and also for costs, interest, and attorneys' fees paid by her in defending against said claim for damages. The material facts are stated in the opinion. No evidence was introduced by the defendant. There was a directed verdict for defendant, and plaintiff appeals.—*Affirmed.*

*Dawley & Jordan, Lee & Robb,* and *E. N. Farber,* for appellant.

*C. H. E. Boardman* and *L. H. Salinger,* for appellee.

STEVENS, J.—Plaintiff's petition is in two counts. In Count 1 thereof she alleges that Sidney S. Sweet, decedent, on April 18, 1902, entered into a written contract with the defendant, J. F. Atkinson, by the terms of which the defendant agreed

to furnish all of the material and labor therefor, and to construct
a two-story brick building in the city of Belle Plaine for de-
cedent, according to certain plans prepared by one John H.
Prescott, architect, which, as originally drawn, provided for
an ornamental, terra cotta front, but which plans, at the sug-
gestion of the defendant, were changed so as to show a brick
front with an overhanging brick cornice; that the defendant
constructed said cornice in such a careless, negligent, and un-
workmanlike manner as that, on or about the 26th of February,
1909, it fell, striking Walter H. McNulty, who was standing in
front of the building, fatally injuring him; that thereupon, a
claim for damages was filed by the administratrix of his estate,
against the estate of plaintiff's decedent, and, upon a trial to a
jury, it was established in the sum of $8,000, which plaintiff
paid, together with interest, costs, and attorney's fees. Plain-
tiff demands judgment herein for $9,891.93, the amount of said
judgment with interest, $1,558.50 attorney fees, $208.09 in-
cidental expenses of the trial, $442.73 costs, and $500 for re-
pairing the cornice.

The two counts of plaintiff's petition are identical, except
that it is alleged in Count 1 that due notice was given to the
defendant of the filing of the claim for damages against the
plaintiff, requesting him to make defense thereto. The defend-
ant, for answer, admitted the execution of the contract and the
erection of the building, and averred that same was constructed
in all respects according to the contract and the plans furnished
him, and that, after the completion thereof, it was inspected
and accepted by the owner; and denied all of the remaining alle-
gations of the petition.

It is the contention of counsel for appellant that, but for
certain erroneous rulings of the court, excluding material evi-
dence offered by plaintiff, her cause of action and right of re-
covery against the defendant for the full amount of the several
items above enumerated would have been conclusively proven.
The particular evidence excluded by the court upon the objec-
tion of defendant's counsel, of which plaintiff complains, was
the architect's complete original plans for the building; a cer-
tified copy of the finding and judgment in probate of the
claim of the administratrix of the estate of Walter H. McNulty

and the payment and satisfaction thereof, together with the costs taxed therein; a transcript of all the evidence introduced by both parties upon the trial of said claim; and also the testimony of C. A. Sweet as to the amount paid by plaintiff upon said judgment, costs, incidental expenses, and attorney's fees. A copy of the claim filed by the administratrix of the McNulty estate and of the original instructions to the jury in the trial of said claim was offered by plaintiff and admitted in evidence. An inspection of the claim and of the court's charge discloses that the claimant charged negligence both in the original construction of the cornice and also in the maintenance thereof by the owner, and that both issues were submitted to the jury, which returned its verdict for the plaintiff, without special findings.

The law is well settled that, where one who is secondarily liable is compelled to respond in damages to the injured party, he may recover the amount paid from the person primarily liable. *Pfarr v. Standard Oil Co.*, 165 Iowa 657; *Pfarr v. Standard Oil Co.*, 176 Iowa 577; *City of Des Moines v. Des Moines Water Co.*, 188 Iowa 24; *Westfield G. & M. Co. v. Noblesville & E. G. R. Co.*, 13 Ind. App. 481 (41 N. E. 955); *City of Seattle v. Regan & Co.*, 52 Wash. 262 (100 Pac. 731); *Costa v. Yochim*, 104 La. 170 (28 So. 992); *Baltimore & O. R. Co. v. County Commissioners*, 113 Md. 404 (77 Atl. 930); *Hobbs v. Hurley*, 117 Me. 449 (104 Atl. 815); *City of Louisville v. Louisville R. Co.*, 156 Ky. 141 (160 S. W. 771); *Eaton & Prince Co. v. Mississippi Val. Tr. Co.*, 123 Mo. App. 117 (100 S. W. 551); *Frankenthal v. Lingo*, 16 Tex. Civ. App. 229 (40 S. W. 815); *Robbins v. Chicago*, 4 Wall. 657 (18 L. Ed. 427); *Boston W. H. & R. Co. v. Kendall*, 178 Mass. 232 (59 N. E. 657); *Oceanic S. Nav. Co. v. Compania Trans. Esp.*, 134 N. Y. 461 (31 N. E. 987); *Astoria v. Astoria & C. R. R. Co.*, 67 Ore. 538 (136 Pac. 645).

This rule, however, rests entirely upon the proposition that, as between two persons, both of whom are liable to the injured party for damages, there is a primary and secondary liability, they not being joint tort-feasors and *in pari delicto* as to the wrong causing the injury. It is also well settled that, where an action for damages is brought against a party secondarily

liable, and he gives notice of the pendency thereof to the person primarily liable for the damages claimed, informing him that he will look to him for contribution or reimbursement, and requesting that he make defense, a judgment rendered against the defendant is conclusive upon the party having the primary liability. *Pfarr v. Standard Oil Co.*, 165 Iowa 657; *Pfarr v. Standard Oil Co.*, 176 Iowa 577; *Boston & M. R. Co. v. Brackett*, 71 N. H. 494 (53 Atl. 304); *Baltimore & O. R. Co. v. County Com.*, 111 Md. 176 (73 Atl. 656); *McArthor v. Ogletree*, 4 Ga. App. 429 (61 S. E. 859); *City of Bloomington v. Chicago, I. & L. R. Co.*, 52 Ind. App. 510 (98 N. E. 188); *Commissioners of Lexington v. Aetna Ind. Co.*, 155 N. C. 219 (71 S. E. 214); *Oceanic S. Nav. Co. v. Compania Trans. Esp.*, supra.

The evidence shows that some attempt was apparently made by plaintiff to give notice to the defendant of the filing of the claim for damages against the Sweet estate; but the record does not disclose the contents nor the purport thereof, and the defendant, called as a witness by plaintiff, denied that any notice was served upon or received by him. The giving of notice was not, however, a condition precedent to plaintiff's right of recovery (*Pfarr v. Standard Oil Co.*, 165 Iowa 657, *Pfarr v. Standard Oil Co.*, 176 Iowa 577, and cases cited supra); but, in the absence of proof of notice, the defendant was a stranger to the judgment, which was, therefore, wholly unimportant, save as bearing upon the question of plaintiff's damages. *Pfarr v. Standard Oil Co.*, 176 Iowa 577. Furthermore, the issue of negligence in the original construction of the cornice by the contractor, and the issue of negligence in the maintenance thereof by the owner, were submitted to the jury. The particular act of the defendant complained of in the present action was his failure to use metal ties or bonds for the purpose of holding or permanently securing the cornice in position. It is conceded that no metal or other ties were inserted, or built into the cornice, but it is claimed by defendant that a concrete coping was placed on top of the cornice for the purpose of holding it in place. Some testimony was elicited by counsel for defendant from plaintiff's witness upon cross-examination, from which an inference might be drawn that water and snow accumulated on the roof of the building and in crevices about the cornice, and, by

freezing and thawing, loosened the brick, causing the cornice to fall.

So far as the offer by counsel of the transcript of the evidence upon the trial of the original claim for damages is disclosed by the record, there is nothing to indicate that the evidence introduced upon said trial, as shown by said transcript, did not tend to establish both issues of negligence. The defendant was liable only for such damages, if any, as proximately resulted from his negligence in the construction of the cornice, and the judgment would be conclusive against him, if a proper notice was served, in the event that it was shown that it was based solely upon such negligence. Manifestly, the court should not have permitted the jury in the case at bar to speculate upon the record in the former trial as to which of the two grounds of negligence charged, the jury in that case based its verdict upon. *Pfarr v. Standard Oil Co.*, 165 Iowa 657; *Pfarr v. Standard Oil Co.*, 176 Iowa 577.

The transcript was, therefore, so far as the record discloses, properly denied admission. As there was no other evidence tending to show that the verdict of the jury in the former trial was based solely upon the negligence charged against the defendant, the exclusion by the court of the certified transcript of the record and of the several sums expended by plaintiff, as set forth in her petition, was without prejudice. It is manifest that plaintiff did not make out a case for reimbursement from the defendant.

The only other evidence introduced by plaintiff for the purpose of proving damages was that showing that plaintiff paid a brick mason $50 to rebuild the damaged wall and cornice. This occurred more than seven years after the building was completed and accepted by Sweet. Whether the true measure of plaintiff's damages was the cost of altering and reconstructing the cornice at the time the building was erected, or the difference in its value as it was when constructed and its value if it had been constructed according to the plans and the contract in a workmanlike manner, is not material. The evidence does not show what portion of the cornice it would have been necessary to remove, if any, to overcome the alleged defects in its construction. Evidence of what it cost to restore the wall and cornice

after it fell, seven years later, would afford little, if any, aid to the jury in determining the damages to be assessed as of the date when the building was completed, in 1902. No evidence whatever was offered upon the other theory of the measure of plaintiff's damages. The evidence does not show what portion of the wall was removed by the mason employed to repair the building, nor does it show what portion of the cornice, if any, it would have been unnecessary to remove and reconstruct, to remedy the alleged defects in the original construction thereof. The evidence offered was not sufficient to enable the jury to reasonably determine the plaintiff's damages. Perhaps it should be said, in passing, that it is by no means clearly established that the defendant was negligent in constructing the cornice in the manner shown by the evidence. We find no reversible error in the record, and the judgment of the court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.