Matthias, J.
 

 The primary question presented by the record in this case is whether an indemnitor of one of two joint tort-feasors may upon full payment by such indemnitor of the judgment rendered in favor of the person injured by the joint negligence of said two parties take an assignment of said judgment and thereafter enforce contribution by the non-indemnified tort-feasor. This question may be subdivided as follows:
 

 1. Is there a right of contribution between joint tort-feasors whose joint or concurrent negligence resulted in a joint liability for damages?
 

 
 *585
 
 2. Has the indemnitor who pays the judgment any greater right in that respect than the joint tortfeasor who was indemnified, and may the indemnity company upon paying the judgment and procuring an assignment thereof enforce payment in whole or in part by the unindemnified tort-feasor?
 

 We regard the rule as to the right of one joint tort-feasor to enforce contribution by another, under facts such as disclosed by the record in this case, as being settled in this state by decisions which are in harmony with the weight of authority.
 
 Adams Express Co.
 
 v.
 
 Beckwith, 100
 
 Ohio St., 348, 126 N. E., 300;
 
 Penn. Co.
 
 v.
 
 West Penn. Rys. Co.,
 
 110 Ohio St., 516, 144 N. E., 51.
 

 Attention has been called to the fact that in neither of the cases above cited was the ease of
 
 Acheson
 
 v.
 
 Miller,
 
 2 Ohio St., 203, 59 Am. Dec., 663, referred to or commented upon, and it is urged that the later cases are inconsistent therewith. There is some dicta in the earlier case which can scarcely be reconciled with the holding in the later cases, but when the facts involved therein are considered there is no real conflict in the cases. Indeed, the question of contribution between joint tort-feasors was not involved in that case, for it was there stated by the court: “But the question arises whether this is a case where contribution is sought between wrongdoers? We think not.”
 

 From the many authorities supporting the proposition that there is no contribution between joint tort-feasors the following cases are cited:
 
 Union Stock Yards Co.
 
 v.
 
 Chicago, B. & Q. Rd. Co.,
 
 196 U. S., 217, 25 S. Ct., 226, 227, 49 L. Ed., 453, 2 Ann. Cas., 525;
 
 Adams
 
 v.
 
 White Bus Line,
 
 184 Cal., 710, 195
 
 *586
 
 P., 389;
 
 City of Tacoma
 
 v.
 
 Bonnell,
 
 65 Wash., 505, 118 P., 642, 36 L. R. A. (N.S.), 582, Ann. Cas., 1913B, 934;
 
 City of Louisville
 
 v.
 
 Louisville Ry. Co.,
 
 156 Ky., 141, 160 S. W., 771, 49 L. R. A. (N. S.), 350;
 
 Owensboro City Rd. Co.
 
 v.
 
 L., H. & St. L. Ry. Co.,
 
 165 Ky., 683, 178 S. W., 1043;
 
 Doles, Admr.,
 
 v.
 
 Seaboard Air Line Ry. Co.,
 
 160 N. C., 318, 75 S. E., 722, 42 L. R. A. (N. S.), 67.
 

 The
 
 Union Stock Yards Co. case, supra,
 
 is particularly in point, and attention is directed to the discussion in the opinion by Mr. Justice Day, and the cases there cited supporting the conclusion, as follows : ‘‘ The general principle of law is well settled that one of several wrongdoers cannot recover against another wrongdoer, although he may have been compelled to pay all the damages for the wrong done.” There is nothing whatever in the record in the instant case to bring it within any exceptions to that general rule discussed in that opinion. After examining numerous cases therein cited, Mr. Justice Day states the following conclusion:
 

 “The railroad company and the terminal company have been guilty of a like neglect of duty in failing to properly inspect the car before putting it in use by those who might be injured thereby. We do not perceive that, because the duty of inspection was first required from the railroad company, the case is thereby brought within the class which holds the one primarily responsible, as the real cause of the injury, liable to another less culpable, who may have been held to respond for damages for the injury inflicted. It is not like the case of the one who creates a nuisance in the public streets; or who f-qpnishes u defective dock; or the case of the ga§
 
 *587
 
 company, where it created the condition of nnsafety by its own wrongful act; or the case of the defective boiler, which blew out because it would not stand the pressure warranted by the manufacturer. In all these cases the wrongful act of the one held finally liable created the unsafe or dangerous condition from which the injury resulted. The principal and moving cause, resulting in the injury sustained, was the act of the first wrongdoer, and the other has been held liable to third persons for failing to discover or correct the defect caused by the positive act of the other.
 

 “In the present case the negligence of the parties has been of the same character. Both the railroad company and the terminal company failed, by proper inspection, to discover the defective brake. The terminal company, because of its fault, has been held liable to one sustaining an injury thereby. We do not think the case comes within that exceptional class which permits one wrongdoer who has been mulcted in damages to recover indemnity or contribution from another.”
 

 It must be concluded that Gordon would have1' had no right whatever to enforce contribution by his joint tort-feasors, the Beckers. In our opinion the right of the indemnity company was no greater than that of its tort-feasor indemnitee, and that the attempt to accomplish by indirection what Gordon could not have done directly must fail. The judgment was paid in full, and it is immaterial whether it was paid by Gordon or by his indemnitor, the. Boyal Indemnity Company. Whether it was paid'by reason of its obligation as indemnitor, or as! surety upon the supersedeas bond, such payment
 
 *588
 
 operates as a complete satisfaction, just as it would¡¡ have done if payment had been made by Gordon. Where the right of subrogation exists an assignment is unnecessary, for that is supplied by equity; but here there was no right of subrogation and no additional right accrued by reason of the assignment of the judgment.
 

 This conclusion is amply supported by reason and authority. The following from 15 Ruling Case Law, 781, states the rule applicable: “But one of several joint wrongdoers cannot, by paying off. a judgment obtained against them all, and taking a fictitious and fraudulent assignment of the judgment in the name of a third party, enforce contribution from the other wrongdoers. In such a case no equity exists within the meaning of the rule under consideration. The same is true of a principal debtor who pays a judgment which he is bound to pay. He cannot, by obtaining an assignment of the judgment, keep it alive in order to coerce payment from his coprincipal; nor will he be permitted to accomplish the same result by indirection, in the name of another.”
 

 The decision of the Supreme Court of California in
 
 Adams
 
 v.
 
 White Bus Line, supra,
 
 involves the identical question now under consideration. In that case the plaintiff was injured by a collision between a stage and an automobile. The owner of the stage and the automobile driver were held liable for the result of their concurrent negligence. As heretofore indicated, the court announced that there was no right of contribution in favor of one against the other, and further held as follows: “An indemnitor in paying a judgment obtained against its indemnitee and another for the commission of an act
 
 *589
 
 for -which the latter were jointly and severally liable is not entitled to be subrogated to the rights of the indemnitee, as against its codefendant.”
 

 It is complained that this conclusion results not only in placing upon insurance companies a liability for the acts of their own policy holders, but in compelling them to insure all others who may be joined as defendants with its policyholders as tort-feasors, and compels them to bear the brunt of litigation against their policyholders and others so joined with them who are not covered by insurance. In making this contention counsel for the indemnity company lose sight of the principle that there is no line of separation between the liability of joint tort-feasors, but that if the concurrent negligence of two or more persons results in an injury to a third person they are jointly and severally liable to the injured person, who may pursue one separately, or may pursue all or any lesser number jointly. Therefore in this instance the original action for damages could have been brought and maintained against Gordon, the indemnitee, alone, and a judgment recovered for the full amount of the damage sustained. The concurring negligence of another could not have been asserted by Gordon as a defense to the action against him. 26 Ruling Case Law, 763; 45 Corpus Juris, 895. It is as well settled, however, that there can be but one satisfaction, and that receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of a suit for damages for personal injuries releases all.
 
 Cleveland Ry. Co.
 
 v.
 
 Nickel,
 
 120 Ohio St., 133, 165 N. E., 719.
 

 If the contention of the indemnity company were
 
 *590
 
 sustained, then it might meet its liability as an indemnitor by paying the judgment and taking an assignment thereof, and then enforce full payment to it by the co-defendants of its indemnitee, and that, it appears, was one of its theories in the instant case.
 

 We find no error in the conclusion of the court of common pleas and Court of Appeals that the judgment of Webber having been satisfied, the indemnity company could not enforce contribution from the joint tort-feasors; nor recover the amount of the judgment, or a portion thereof, from the Beckers by reason of the assignment of the judgment when paid by the indemnity company for and on behalf of Cordon. We do not entertain the view urged by counsel that any right of plaintiff in error under either the state or federal Constitution has been violated.
 

 Judgment affirmed
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day, and Allen, JJ., concur.