Hart, J.
 

 The question to be determined under the facts of this case is whether the plaintiff, as insurance indemnitor of the steel company, is entitled to recover from the defendants, as subcontractors of the steel company, the amount of a judgment rendered against the steel company in favor of a third person for injuries
 
 *351
 
 suffered because of the alleged negligent operations of the defendants while performing their subcontracts on the premises of the steel company. The answer depends upon the application of certain phases of the law of subrogation and indemnity.
 

 It is conceded that the plaintiff, having paid the judgment rendered against the steel company, is subrogated to all rights of the latter against the defendants growing out of the cause of action as a result of which, the judgment was obtained. On the other hand, the rights of the plaintiff, in this respect, are limited to the rights of the steel company and cannot be superior to them.
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481;
 
 Travelers’ Ins. Co.
 
 v.
 
 Great Lakes Engineering Works Co.,
 
 184 F., 426, 36 L. R. A. (N. S.), 60.
 

 The plaintiff claims that the. steel company, its- subrogor, was without active fault as to Henzi’s injury, qnd that the liability of the steel company was incurred through the active negligence and fault of the defendants in their operations while on the premises of the steel company. . The plaintiff therefore claims that it, succeeding to the rights of its subrogor, the steel company, stands in such relation to the defendants as entitle it to be indemnified by them.
 

 The trial court was confronted with a question of the admissibility of evidence to supplement and pos'sibly to contradict the record in the former action, when the plaintiff sought to show by the oral testimony of Henzi that the defendant steel company became liable resulting in a judgment against it solely because of the negligence of the defendants in this case in the performance of their subcontracts involving dangerous operations while on the property of the steel company. The trial court took the position that such evidence would tend to contradict the record of the case to which the steel company, plaintiff’s subrogor, was a
 
 *352
 
 party, and excluded the evidence. The plaintiff below, appellee here, claims, and the Court of Appeals supports the claim, that the trial court erred in such exclusion.
 

 It is to be noted that in the course of the trial, a witness who was an employee of the defendant The W. A. Fay Moving- Company in June 1938, and who worked for that company at the plant of the steel company at the time Henzi was injured, testified by deposition, without objection on both direct examination and cross-exmaina-tion, as to the physical surroundings in the basement •of the steel company plant; as to the location of the sump pit and the moving of machinery over it; that there was a barrier at one end of the pit when the Fay company started to work there, but that in order to move the machinery over the pit the barrier was ■ taken down; that it was down from three days to a week before and at the time Henzi was injured and was not replaced at the conclusion of a day’s work; that there was no permanent lighting in the basement at the time; and that The Dingle-Clark Company, for the protection of its men, did string a temporary light here and there so their men could work in the basement. This testimony was not disputed.
 

 An examination of the nature and scope of the testimony of this witness will disclose that it substantially covered and supported the facts which were the subject matter of the offer of testimony proffered through the witness Henzi and excluded by the court. This being true, the exclusion lacked prejudicial effect.
 

 However, there is, in the opinion of the court, a more basic reason why the exclusion of the proffered testimony of Henzi was not material. Irrespective of the admission or exclusion of Henzi’s testimony, the court was warranted under the evidence admitted in directing a verdict for the defendants. An employer becomes vicariously liable to third persons injured be
 
 *353
 
 cause of the negligence of his independent contractor in performing work for the employer which is dangerous in itself or dangerous because of the manner in which it is done. Under such circumstances the employer is entitled to indemnity from the contractor for loss sustained because of the contractor’s negligence unless the employer not only knew of the dangerous situation, brought about by the work of the contractor, but acquiesced in its continuance (Restatement of Restitution, Section 95;
 
 Alabama Power Co.
 
 v.
 
 Curry,
 
 228 Ala., 444, 153 So., 634;
 
 City of Nashville
 
 v.
 
 Singer & Johnson Fertilizer Co.,
 
 127 Tenn., 107, 153 S. W., 838;
 
 Acheson
 
 v.
 
 Miller,
 
 2 Ohio St., 203, 59 Am. Dec., 663;
 
 Horrabin
 
 v.
 
 City of Des Moines,
 
 198 Iowa, 549, 199 N. W. 988, 38 A. L. R., 554); or, unless the employer was concurrently or jointly with the contractor guilty of negligence which caused the injury. Restatement of Restitution, Section 102;
 
 Dow
 
 v.
 
 Sunset Telephone & Telegraph Co.,
 
 162 Cal., 136, 121 P., 379;
 
 Penna. Co. v. West Penn Rys. Co.,
 
 110 Ohio St., 516, 144 N. E., 51;
 
 United States Casualty Co.
 
 v.
 
 Indemnity Ins. Co. of North America,
 
 129 Ohio St., 391, 195 N. E., 850.
 

 But where one of two concurrent or joint tortfeasors, as distinguished from related tort-feasors, has been compelled to pay damages for the concurrent or joint tort, he cannot maintain an action against the other for indemnity.
 
 Northern Ohio Ry. Co. v. Akron Canal & Hydraulic Co.,
 
 7 C. C. (N. S.), 69, 18 C. D., 51, affirmed without opinion, 75 Ohio St., 620, 80 N. E., 1130;
 
 City of Louisville
 
 v.
 
 Louisville Ry. Co.,
 
 156 Ky., 141, 160 S. W., 771, 49 L. R. A. (N. S.), 350;
 
 Doles, Admr.,
 
 v.
 
 Seaboard Air Line Ry. Co.,
 
 160 N. C., 318, 75 S. E., 722, 42 L. R. A. (N. S.), 67;
 
 Union Stock Yards Co. of Omaha
 
 v.
 
 C. B. & Q. Rd. Co.,
 
 196 U. S., 217, 49 L. Ed., 453, 25 S. Ct., 226. Likewise, where an insurer of one concurrent or joint tort-feasor fully pays and satisfies a judgment obtained against his
 
 *354
 
 insured for damages resulting from the concurrent or joint negligence of the insured and another, such insurer has no greater right than his insured against the other tort-feasor and cannot enforce payment of the whole or any part of the judgment from such other tort-feasor.
 
 Royal Indemnity Co.
 
 v.
 
 Becker, supra.
 

 The general principles here involved are discussed in Restatement of Restitution. Section 95 defines the rights of a person who has become liable in damages because of the failure of another to protect his interests, as follows:
 

 “Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other’s duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition. ’ ’
 

 The comment under this section is to the effect that this rule is “applicable to situations in which a person has' a non-delegable duty with respect to the condition of his premises but has entrusted the performance of this duty to a third person, either a servant or an independent contractor. The rule also applies to cases where both parties are under an absolute liability for the condition of premises and where, as between the two, one of them has a prior duty of performance.
 

 “In all these situations the payor is not barred by the fact that he was negligent in failing to discover or. to remedy the defect as a result of which the harm was occasioned; in most of the cases it is because of this'failure that he is liable. On the other hand, if the condition was such as to create a grave risk of serious harm to-third persons'or their property and the payor
 
 *355
 
 was or, from his knowledge of the facts, should have been aware that such a risk existed, his failure to make the condition safe is reckless and he is not entitled to restitution. * * * If * * * the payor not only knew of the condition but acquiesced in its continuance, he becomes in effect, a joint participant with the other in the tortious conduct and hence is barred from indemnity. ’5
 

 Section 102 of Restatement of Restitution states the law with reference to indemnity or contribution between concurrent or joint tort-feasors as follows:
 

 “Where two persons acting independently or jointly, have negligently injured a third person or his property for which injury both became liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other.” See, also, 27 American Jurisprudence, 467, Section 18. This rule is illustrated by certain cases hereafter noted.
 

 In
 
 Gregg
 
 v.
 
 Page Belting Co.,
 
 69 N. H., 247, 46 A., 26, the plaintiff, a building owner, had paid a judgment against himself on account of a personal injury to a passenger resulting from the collapse of a defective elevator installed in his building. The plaintiff then sought indemnity from the manufacturer which defectively repaired belts furnished for the elevator, which gave way causing the elevator to, collapse. In the personal injury action the building owner was charged with negligence in two respects, namely, in using a cemented belt instead of a wire cable, and in failing to provide the elevator with certain safety devices. A general verdict was rendered in favor of the injured passenger and against the owner. In the indemnity action, the plaintiff building owner • introduced the record in the former case supplemented by' evidence of negligence of the manufacturer in the repair of the
 
 *356
 
 belt. A verdict was directed for the defendant belt manufacturer and the resulting judgment was affirmed by the Supreme Court which held that the judgment in the first suit based upon a general verdict was conclusive upon the issue that the building owner had been negligent in failing to install safety devices on the elevator and that he was a joint tort-feasor with the manufacturer of the belt, and as such, could not recover indemnity.
 

 In the case of
 
 City of Puyallup
 
 v.
 
 Vergowe,
 
 95 Wash., 320, 163 P., 779, a municipality had been held liable to a pedestrian who in the night season fell into an unguarded and unlighted street excavation. The petition of the pedestrian charged that a street lamp near the excavation was out and that the excavation was unguarded. There was a general verdict against the municipality. It then sued the contractor who had made the excavation and had failed to guard it. The Supreme Court of Washington reversed a judgment in favor of the municipality in the idemnity action upon the ground that the general verdict against the municipality in the negligence action established an independent act of negligence against it in the failure to maintain a light near the excavation for the protection of the injured pedestrian, and that, since it and the contractor were concurrent wrongdoers, there was no right of indemnity between them. See, also,
 
 City of Tacoma
 
 v.
 
 Bonnell,
 
 65 Wash., 505, 118 P., 642, Ann. Cas. 1913B, 934;
 
 City of Seattle v. Peterson & Co.,
 
 99 Wash., 533, 170 P., 140;
 
 North Carolina Electric Power Co.
 
 v.
 
 French Broad Mfg. Co.,
 
 180 N. C., 597, 105 S. E., 394;
 
 New York & Queens Transit Corp.
 
 v.
 
 Brooklyn Union Gas Co.,
 
 12 N. Y. Supp. (2d), 1, affirmed, 283 N. Y., 732, 28 N. E. (2d), 722.
 

 Reverting again to the record in this case, it will be
 
 *357
 
 noted that in the action of Henzi against the steel company, the defendant was charged not only with failure to guard and barricade the sump pit, which default, under the record, was undoubtedly chargeable to The W. H. Fay Moving Company in the first instance as the party primarily liable for damages arising from such failure, but with failure to properly light the basement of its own building where Henzi was obliged to work, as to which the responsibility would seem to fall upon the steel company itself. The Fay company might have had some responsibility as a contractor to light up the area surrounding the field of its own. operations for the protection of its own employees, but in the absence of a contract to undertake further responsibility it could hardly be held to be responsible for the lighting of the basement for the benefit of third persons generally.'
 

 The steel company was charged in Henzi’s petition in the original action with two distinct defaults, namely, failure to barricade the pit and failure to light the premises. There was a general verdict by the jury which constituted a finding agáinst the defendant steel company on both issues.
 
 Jones
 
 v.
 
 Erie Rd. Co.,
 
 106 Ohio St., 408, 414, 140 N. E., 366;
 
 H. E. Culbertson Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 303, 175 N. E., 205;
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 515, 196 N. E., 274.
 

 This finding against it is conclusive as to its negligence being concurrent with that of The W. H. Fay Moving Company as the proximate cause of Henzi’s injury, and the plaintiff in this action stands in the position of the steel company. Since the steel company, under the record, must be found to have been a concurrent tort-feasor with the defendants, the plaintiff, as its insurer, is not entitled to indemnity against the defendants in this action.
 

 
 *358
 
 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams and Turner, JJ., concur.
 

 Bell, J., concurs in paragraphs two, three and four of the syllabus and in the judgment.